UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2005 SEP -1 A 8: 37

US DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| CHRISTOPHER CORTESE, ET AL : <br> Plaintiffs : <br> : <br> v. : <br> : <br> NEW FAIRFIELD BOARD OF : <br> EDUCATION : <br> Defendant : | CIVIL ACTION NOS. <br> 3-03-cv-1705 (JCH) <br><br> AUGUST 31, 2005 |

## RULING RE: PLAINTIFF'S
## REQUEST FOR DETERMINATION [DKT. NO. 70]

This action was originally commenced by pro se plaintiffs, Christopher and Karen Cortese, on behalf of their minor son, Christopher Cortese. After defendant's counsel brought to the court's attention the case of <u>Wenger v. Canastota Cent. Sch. Dist.</u>, 146 F.3d 123 (2nd Cir. 1998), the court issued an Order to Show Cause to the plaintiffs as to why the claims that the Corteses had brought on behalf of their minor son should not be dismissed according to the holding in <u>Wenger</u>. After hearing from the plaintiffs, the court dismissed the claims brought by them on behalf of their minor son. However, the court permitted the plaintiffs the opportunity to reopen the case within 60 days should they wish to assert claims on their own behalf, if they had any.

In an untimely fashion, Mrs. Cortese filed an Amended Complaint on March 29, 2005. (Dkt. No. 64) Given her pro se status, the court treated the filing of that Amended Complaint as a request to reopen and granted it, and ordered that the Amended Complaint should be docketed. (Dkt. No. 62)

Mrs. Cortese has now filed a Motion for the court to make a determination of the effect of the January 24, 2005 final decision of the Superior Court of the State of

- 1 -

Connecticut would have upon the Ruling of the State Board of Education hearing officer. (Dkt. No. 71) The defendant filed a timely Objection to this Motion, and the plaintiff filed a Reply. (Dkt. Nos. 72 and 74)

The specific relief the plaintiff's Motion seeks, as she states in her Motion, is as follows:

> "The plaintiff, Karen Cortese, respectfully requests this court to make a determination on (I) the effect that the January 24, 2005 Final Decision (Ex. I) from Superior Court would have on the Hearing Officer's August 18, 2003 Final Decision in this Appeal. This case involved the defendant, New Fairfield Board of Education, filing a Breach of Contract suit against my husband and me; (II) Mandating the Defendant to hold a PPT to develop an IEP for my son for the 2005/2006 school year, and make a decision on ESY for the 2005 summer."

Motion to Request (Dkt. No. 70).

As the defendant points out, the request of the plaintiff concerns the rights of her son. As the court thought it made clear in its Ruling dismissing her son's claims, she is unable to litigate his claims. Therefore, the Motion to Request is denied on this ground alone.

The court notes that the defendant filed a Motion to Dismiss the Amended Complaint on May 16, 2005. However, there does not appear to have a Notice to Pro Se Litigant issued in connection with that Motion. Therefore, the court hereby gives notice to the pro se plaintiff that she should file a memorandum in opposition to the defendant's Motion to Dismiss explaining to the court why this court has jurisdiction over her complaint. The court hereby advises the plaintiff that she must respond to the Motion to Dismiss no later than **SEPTEMBER 21, 2005**. If the plaintiff does not file

such a memorandum, the defendant's motion will likely be granted if it appears, absent objection, to be well-grounded, and the claims the defendant seeks to have dismissed will likely be dismissed.  See generally Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994) (court has obligation to make certain that pro se litigants are aware of the local rules and understand the consequences of the failure to comply with such rules). If she fails to respond, the court will likely dismiss this action.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 31st day of August, 2005.

Janet C. Hall
United States District Judge