UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER CORTESE, ET AL | : | |
| Plaintiffs | : | |
| | : | CIVIL ACTION NO.: |
| v. | : | 3-03-cv-1705 (JCH) |
| | : | |
| NEW FAIRFIELD BOARD OF ED. | : | OCTOBER 18, 2005 |
| Defendant | : | |

**RULING RE: MOTION TO DISMISS [Dkt. No. 67]**

In this action, the plaintiff, Karen Cortese ("Cortese"), has sued the New Fairfield

Board of Education concerning the placement of Cortese's son pursuant to Individuals

with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415 et. seq.  Defendant, New

Fairfield Board of Education ("Board") has moved to dismiss this case on the grounds of

failure to state a claim by Cortese.

**I.    BACKGROUND**

Some detailed discussion of the background of this case is necessary in order to

understand the court's Ruling.  This action was originally brought by Christopher and

Karen Cortese on behalf of their son, Christian Cortese.  The parents appeared pro se,

and despite several efforts by this court to obtain counsel for them, the court was

unsuccessful.

The Board brought to the court's attention the Second Circuit case of Wenger v.

Canestoga Central School District, 146 F.3d 123 (2nd Cir. 1998).  In light of that case,

the court issued an Order to Show Cause why the case ought not to be dismissed on

the ground that the parents could not proceed pro se on behalf of their son.  See Order

to Show Cause [Dkt. No. 48].  After receiving a response from the plaintiffs, the court

ruled on the Order to Show Cause and dismissed the case.  Ruling on Order to Show

Cause[Dkt. No. 56].  The court did so based upon the <u>Wenger</u> case, and the fact that it was clear to the court that all of the claims asserted in the Complaint were on behalf of Christian.  "The Complaint claims that the Hearing Officer's final decision is wrong (Claim I), that his determination concerning the settlement agreement [is] in error (Claim II), that his "Stayput" Ruling is in error (Claim III), that the defendant Board erred in its interpretation of an interim order (Claim V), and that the defendant Board breached the settlement agreement (Claim VI)."[1] <u>Id</u>. at 4.  While the court acknowledged that there were a "few, vague claims" that Christopher and Karen Cortese may have asserted, <u>id.</u> at 5, the court had no understanding, based on the pleadings, of what those claims were, and the Corteses' response to the Order to Show Cause did not elaborate on them.

In light of the above, the court dismissed all the claims brought in the action, but gave the plaintiffs 60 days to reassert Christian's claims if Mr. & Mrs. Cortese could obtain legal counsel for their son, and 60 days to reopen if they could assert claims "on their own behalf (i.e. not concerning the outcome of the Hearing Officer's decision or the defendant's interpretation of it.)"  <u>Id</u>. at 6.

In an untimely fashion, Karen Cortese filed an Amended Complaint on March 28, 2005.  The Board asserts that all of the claims in this Amended Complaint continue to be claims on behalf of Christian.  Further, the Board asserts that the court lacks subject matter jurisdiction because the claims were filed in an untimely manner, and finally, that the Board is not responsible for any claims made by Karen Cortese directed toward the

---

[1]  Claim IV merely asserts that there was a "material" change in Christian.

Hearing Officer who is an agent of the State and not the Board.

## II.   STANDARD

In assessing a motion to dismiss for lack of subject matter jurisdiction, a  court must "accept as true all material factual allegations in the complaint," Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir.1998) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), but refrain from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Id.(citing Norton v. Larney, 266 U.S. 511, 515 (1925)). Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir.2000).  On a motion to dismiss pursuant to Rule 12(b)(1), plaintiff carries the burden of establishing that subject matter jurisdiction exists over the complaint. See Malik v. Meissner, 82 F.3d 560, 562 (2d Cir.1996); In re Joint E. & So. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir.1993); Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757, 762 (2d Cir.1983).

A motion to dismiss filed pursuant to Rule 12(b)(6) can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  See also Reed v. Town of Branford, 949 F. Supp. 87, 89 (D. Conn. 1996).   "In considering a motion to dismiss . . . a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference . . . [and review all allegations] in the light most favorable to the non-moving party."  Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 662 (2d

- 3 -

Cir. 1996).  The undertaking is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient."  Velez v. Levy, 401 F.3d 75, 80 (2d Cir. 2005).  Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

III.   **DISCUSSION**

   A.   **Lack of Subject Matter Jurisdiction**

   The Board cites Connecticut law which requires that the period for an appeal of an Impartial Hearing Officer's decision is 45 days from the date of mailing.  Conn. Gen. Stat. §§ 4-183(c); 10-76h(d)(4); see also Conn. Agencies Reg., § 10-76h - 8(f)(4). Given that the Hearing Officer's decision was issued on or about August 18, 2003, the Amended Complaint filed by Cortese in 2005 is not timely under Conn. Gen. Stat. § 10-76h.

   However, the court gave Cortese the permission to file an Amended Complaint. Under Fed.R.Civ.P. 15(c), "[a]n amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  As discussed below, the claims asserted in Cortese's Amended Complaint are substantially identical to the claims in the previous Complaint, and thus the Amended Complaint relates back to the original filing.   Accordingly, to the extent that Cortese has any causes of action, this court does not lack jurisdiction to consider

- 4 -

them at this time.

**B.     Failure to State a Claim**

The Amended Complaint effectively mirrors the original Complaint in this action.

All that is different is that Cortese seeks to make these causes of actions hers and not

her son's.

Claim I begins by stating:  "[t]he Hearing Officer erred in his August 18, 2003

Final Decision and Order."  Amended Complaint (3/28/05), p. 4 [Dkt. No. 65].  Claim III

begins, "[t]he [Hearing Officer] erred in his ruling regarding the Motion to Dismiss the

Settlement Agreement dated June 2, 2002 entered into between the parties."  Id. at 8.

Claim IV begins by stating, "[t]he Hearing Officer erred in his August 8, 2003 ruling on

Stay Put Decision."  Id. at 9.  Claim V begins "New Fairfield Board of Education erred in

their interpretation of the Hearing Officer's July 1, 2003 Interim Order regarding what

New Fairfield's cost to fund a unilateral placement by the parents if they decided to

return Christian to Kildonan."  Id. at 11.  Lastly, Claim VI begins "[t]he [Hearing Officer]

erred in his August 8, 2004 ruling regarding our July 8, 2003 Motion to Dismiss

regarding the Educational Consultant."  Id. at 12.  All of these claims are in effect an

appeal from one or another of the rulings of the Hearing Officer concerning the

placement of Christian Cortese.  These are not claims or causes of action which a

parent can assert.  See Ruling on Order to Show Cause, p. 4-5 [Dkt. No. 56].  Perhaps

the most telling evidence of whose causes of action these are is found in the Request

for Relief section of the Amended Complaint.  Amended Complaint, p.14.  There,

Cortese seeks the continued placement of her son, stay put placement for her son,

reimbursement for the lateral placement of her son, reimbursement for costs associated

- 5 -

with the hearing concerning her son's placement, and that the Board be responsible for counseling of her son.  Id.  None of this would be relief for Karen Cortese, but rather would constitute relief for her son, Christian Cortese.

Admittedly, in the Amended Complaint, Cortese suggests that the Hearing Officer erred in not allowing her to testify fully about various alleged procedural errors that occurred prior to the hearing.  See Claim II; see also Claim I at ¶ 15.  To the extent that these allegations may be sufficient to state a cause of action,[2] it appears to this court that such a cause of action would still be that of the son, Christian Cortese. While, at the hearing, Christian's parents, in particular Karen Cortese, were allowed to act on his behalf, to the extent that the proceedings were defective it is Christian who was injured by those defects.  Analogously, in a trial, if a party is denied certain due process rights, his lawyer does not have a claim, but rather the litigant does.

However, this is not the only defect with respect to this possible claim.  As the Board points out in its Memorandum in Support of its Motion to Dismiss [Dkt. No. 67], to the extent the Complaint asserts claims concerning the procedural conduct of the hearing, and the Hearing Officer, and not the substance of the rulings rendered by him, such an action does not lie against the defendant Board.  There are no allegations that

---

[2]  Given this is a pro se Complaint, the court must liberally construe it.  Lerman v. Bd. of Elections, 232 F.3d 135, 139-140 (2d Cir. 2000)("Since most pro se plaintiffs lack familiarity with the formalities of pleading requirements, we must construe pro se complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel . . . in order to justify dismissal of the plaintiff['s] pro se complaint, it must be beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").   Arguably, failure to afford due process at the hearing could give rise to a violation of the due process clause of the Fifth Amendment as incorporated through the Fourteenth Amendment, brought pursuant to 42 U.S.C. § 1983.  See e.g. Barcia v. Sitkin, 367 F.3d 87, 100 (2d Cir. 2004)(discussing procedural due process standard for state administrative proceedings).

the Board was responsible for any claimed procedural defects in the hearing.  Thus, even construing these allegations by Cortese to state a cause of action, they do not state one against the defendant Board.

## IV.   PLAINTIFF'S MOTIONS

The plaintiff, Karen Cortese, has several motions pending: a Motion for Joinder [Dkt. No. 77], and a Motion to Request [Dkt. No. 70] this court to make a determination of  two issues.  The latter motion is moot in light of the court's dismissal of the Complaint.  With respect to the plaintiff's Motion for Joinder, she seeks to add Christian Cortese as a party pursuant to either Fed.R.Civ.P. 19(a) or 20.  However, the Court cannot add Christian Cortese unless he is represented by counsel.  He cannot be represented by Karen Cortese.  Therefore, the court denies the Motion for Joinder [Dkt. No. 77].

## V.   CONCLUSION

For the foregoing reasons, the court grants the defendant Board's Motion to Dismiss [Dkt. No. 67] and denies the Motion for Joinder [Dkt. No. 77] and Motion to Request [Dkt. No. 70].  The clerk is directed to close this case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 18th day of October, 2005.


/s/ Janet C. Hall
_____
Janet C. Hall
United States District Judge

- 7 -